UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>            Plaintiff,<br><br>     v.<br><br>DEUEL VOCATIONAL INSTITUTION,<br><br>            Defendant. | No.  2:14-cv-1808 DAD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has neither paid the filing fee nor submitted an application to proceed in forma pauperis.

The undersigned takes judicial notice[1] of the National Pro Se Three-Strikes Database,[2] which indicates that plaintiff has been designated a "three strikes litigant" under 28 U.S.C. § 1915(g).  Such designation precludes in forma pauperis status to a prisoner bringing a civil action who has brought three or more prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner demonstrates that he

---

[1]  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

[2]  The National Pro Se Three-Strikes Database is at http://nprose.circ9.dcn/Litigant.aspx.

1

is under imminent danger of serious physical injury at the time he commenced the new action.[3] Plaintiff has been designated a three strikes litigant in at least three prior cases.[4] In each instance the court has cited several instances when plaintiff's complaints have been dismissed as frivolous, malicious or for failure to state a claim. This court has reviewed the basis of the findings entered in those previous cases and concurs that plaintiff has suffered at least three prior strike dismissals as defined by the applicable statute.[5]

As a three strikes litigant, plaintiff may not proceed in forma pauperis in the present action unless he demonstrates that he was "under imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be ongoing, Andrews, 493 F.3d at 1056. Allegations of

---

[3] Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[4] See Weaver v. Gory et al., Case No. 2:09-cv-09288 UA MLG P (C.D. Cal. 2009) (ECF No. 3); Weaver v. California Correctional Institution et al., Case No. 1:06-cv-01429 OWW SMS P (E.D. Cal. 2007) (ECF No. 4); Weaver v. Deuel Vocational Institution, Case No. 2:13-cv-01471 MCE EFB P (E.D. Cal. 2013) (ECF No. 4).

[5] The court takes judicial notice of the following cases filed by plaintiff and the grounds cited for their dismissal: (1) Weaver v. California Correctional Institution Confinement SHU, Case No. 1:06-cv-00671 OWW SMS P (E.D. Cal. 2006) (dismissed July 17, 2006 as frivolous and for failure to state a claim (ECF No. 6)); (2) Weaver v. California Correctional Institution Third Watch Lieutenant, Case No. 1:06-cv-00775 OWW LJO P (E.D. Cal. 2006) (dismissed July 17, 2006 as frivolous and for failure to state a claim (ECF No. 4)); (3) Weaver v. California Correctional Institution, Case No. 1:06-cv-00863 OWW SMS P (E.D. Cal. 2006) (dismissed August 1, 2006 for failure to state a claim (ECF No. 4)); (4) Weaver v. Appeal Coordinator, Case No. 1:06-cv-00134 OWW DLB P (E.D. Cal. 2006) (dismissed August 28, 2006 for failure to state a claim (ECF Nos. 15, 11)); (5) Weaver v. California Correctional Institution, Case No. 1:04-cv-06079 LJO WMW P (E.D. Cal. 2006) (dismissed December 7, 2007 for failure to state a claim (ECF No. 40)).

imminent danger that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. Absent a showing that plaintiff was under imminent danger of serious physical injury at the time he filed his complaint, his only option if he wishes to proceed with this action is to pay the full filing fee.

Plaintiff is presently, and was at the time he filed his complaint in this action, incarcerated at Pelican Bay State Prison. In his complaint plaintiff seeks to challenge the fact of his prior incarceration at Deuel Vocational Institute on the ground that he was placed at risk at that institution because he was a vulnerable "mental health patient on medications." (Complaint (ECF No. 1) at 5.) Plaintiff avers that he "was E.O.P. [Enhanced Outpatient Program] status [and] did not belong on Deuel Vocational Institution." (Id. at 4.) Thus, plaintiff's complaint does not challenge any conditions of his current confinement at Pelican Bay State Prison and alleges no imminent danger of serious physical injury at the time of its filing.

In light of his proper designation as a three strikes litigant and because it is clear that plaintiff was not under imminent danger of serious physical injury when he filed the instant complaint, he may not proceed in forma pauperis. Plaintiff may proceed in this action only by paying the full filing fee of $400.00 ($350.00 filing fee plus $50.00 administrative fee).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall, within thirty days after the filing date of this order, submit to the Clerk of Court the full filing of $400.00.

2. Failure of plaintiff to timely submit the full filing fee will result in the dismissal of this action.

Dated: August 6, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
weav1808.3strikes.scrn.amd

3